Matthias, J.,
dissenting. The insurers, desiring that the amount of the loss in question be determined by a jury in an action on the policies, refused to appoint an appraiser or participate in an appraisal. The only question of law presented is the consequence of such negative action of the insurers. '
In the situation disclosed, was the order of the Probate Court appointing an umpire valid, and are the insurers precluded by the appraisal and award made by the appraiser selected by the insured and the umpire appointed by the Probate Court?
It is the contention of the insurers that the insured’s demand for an appraisal does not make such proceeding mandatory and thus deprive the insurers of the option of having the amount of the fire loss determined by a jury in an action on the policies.
The provision of the policies, giving rise to the con *244 troversy, is contained in the so-called standard form policy long used throughout the United States, but diligence of counsel has failed to disclose a decision of any court of last resort of the question clearly presented in the instant case.
Notwithstanding the mandatory language employed, which is emphasized in the majority opinion, the fact must be recognized that, although it is expressely provided that no suit on the policies may be sustained unless all requirements thereof shall have been complied with, such condition is applicable only to the insured, and there is no express provision authorizing an action based on the appraisal and award as made herein, such proceeding being predicated upon the refusal of the insurers to participate in such appraisal.
With the exception of a Minnesota Supreme Court decision, applying a specific statutory provision of that state which prescribes the procedure to be followed, we find no authority contrary to the principle, generally adopted and applied, that the waiver of the appraisal provision of a policy by the insurer, whether resulting from inaction or by express refusal to participate in such appraisement, should be accorded no effect or consequence other than the authorization of immediate suit on the policy by the insured.
The judgment should be reversed.